## UNITED STATES v. COLE et al.

### (Circuit Court, N. D. California. March 16, 1904.)

#### No. 13,400.

**1. CASHIER OF MINT—BOND.**

Though, under Rev. St. § 3496 [U. S. Comp. St. 1901, p. 2338], the cashier of the mint is not an officer thereof, and by section 3506 [U. S. Comp. St. 1901, p. 2341] the superintendent of the mint is declared to be the keeper of all bullion or coin therein, except while it is legally in the hands of other officers, yet, under section 3501 [U. S. Comp. St. 1901, p. 2339], providing that each officer of the mint shall give bond for faithful and diligent performance of the duties of his office, and that similar bonds may be required of the assistants and clerks, which shall not relieve the officers from liability for acts and omissions of their subordinates or employés, the cashier of the mint may be required to give a bond for the faithful performance of any duty intrusted to him; and a bond taken of him, describing him as cashier of the mint, conditioned that he will perform, execute, and discharge all the duties of his position according to the laws and the regulations of the department, will be assumed to have been taken under section 3501, though the bond recites, and the complaint thereon alleges, that the cashier was an officer of the mint; such allegation and recital being treated as surplusage, as may be done.

On Demurrer to the Complaint.

M. B. Woodworth, U. S. Atty.

F. W. Hall, for defendant Cole.

C. H. Wilson and Van Ness & Redman, for defendant Fidelity Co.

MORROW, Circuit Judge (orally). This is an action on the part of the United States to recover the sum of $20,000 upon a bond executed by the defendant W. K. Cole, with the Fidelity & Deposit Company of Maryland as surety. The bond is in the sum of $20,000, and the conditions are as follows:

"That Whereas, the said William K. Cole hath, pursuant to law, been appointed cashier in the Mint of the United States at San Francisco, California:

"Now, Therefore, if the said William K. Cole has faithfully and diligently performed, executed, and discharged, and shall continue faithfully and diligently to perform, execute, and discharge all the duties of the said office according to the laws of the United States and the Regulations of the Treasury Department made in conformity therewith, then this obligation to be void and of no effect; otherwise to be and remain in full force and virtue. Signed, sealed," etc.

The plaintiff alleged in the complaint that the defendant Cole did not perform all his duties as cashier in the mint according to law and the regulations of the Treasury Department, in this: that he failed to account and pay over the sum of $30,000 that was intrusted to him as cashier of the mint, and that by reason of that default the United States is entitled to recover $20,000, the penal sum of the bond.

To this complaint a demurrer has been interposed, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and is uncertain, in not specifying wherein the defendant Cole has failed to comply with any law of the United States, or regulations of the Treasury Department, so as to make the defendants liable on the bond in suit. This demurrer is directed to the allegations of the complaint and the provisions of the statutes of the United States upon this subject.

The Revised Statutes of the United States provide that the officers of the mint "shall be a superintendent, an assayer, a melter and refiner, and a coiner." It will be observed that a cashier of the mint is not mentioned. Section 3506 [U. S. Comp. St. 1901, p. 2341] provides that:

"The superintendent of each mint shall receive and safely keep, until legally withdrawn, all moneys or bullion which shall be for the use or expenses of the mint. He shall receive all bullion brought to the mint for assay or coinage; shall be the keeper of all bullion or coin in the mint, except while the same is legally in the hands of other officers."

The contention on the part of the defendants is that as the cashier of the mint is nowhere declared to be an officer, and he is not charged by the statutes with the custody or the safe-keeping of the money, a recovery cannot be had upon this complaint and upon this bond. But an examination of section 3501 [U. S. Comp. St. 1901, p. 2339] shows that a bond may be required under the statute from an assistant or clerk in the mint. That section provides:

"The superintendent, the assayer, the melter and refiner, and the coiner of each mint, before entering upon the execution of their respective offices, shall become bound to the United States, with one or more sureties, approved by the Secretary of the Treasury, in the sum of not less than ten nor more than fifty thousand dollars, with condition for the faithful and diligent performance of the duties of his office. Similar bonds may be required of the assistants and clerks, in such sums as the superintendent shall determine, with the approbation of the director of the mint; but the same shall not be construed to relieve the superintendent or other officers from liability to the United States for acts, omissions, or negligence of their subordinates or employés; and the Secretary of the Treasury may, at his discretion, increase the bonds of the superintendents."

It is clear that under that section a bond could be required of any assistant or clerk in the mint; that it might be required by the United States or by the superintendent of the mint, the superintendent prescribing the amount. This bond may be assumed to have been required of the defendant Cole under that provision of the statute. The objection that is made to this assumption is that the action is to recover upon the bond as an official bond, whereas, under the statute, the cashier is not made an official or the custodian of any funds of the mint, and that therefore a recovery cannot be had upon the bond.

As I read this section of the Revised Statutes, I understand the law to be this: That the four principal officers of the mint—that is to say, the superintendent, the assayer, the melter and refiner, and the coiner—are required to give bonds under the statute for the faithful and diligent performance of the duties of their respective offices.

These bonds necessarily include the safe-keeping and custody of the funds of the mint, and these officers are primarily responsible for all the bullion and coin that may come into their possession as such officers of the mint. But the statute goes further, and provides that the assistants and clerks may also be required to give bonds for the faithful performance of the duties of their respective positions, and that this requirement does not absolve the other principal officers from their responsibilities. That is to say, the superintendent may require bonds from any or all of the assistants or clerks employed in the mint, and these bonds will be security for the performance of the duties of their respective positions. If they should be intrusted with coin or bullion, they will be responsible upon their bonds for the custody and safe-keeping of such coin or bullion. The superintendent may intrust to one clerk one duty, and to another clerk another duty, giving to one clerk the custody of coin and to another the custody of bullion, and may require of each a bond as security for the safety of such coin or bullion, or a bond may be required from an assistant or clerk for the faithful performance of any other duty; and a failure on the part of any such assistant or clerk to perform the duty intrusted to him will furnish a sufficient ground for a proceeding on his bond to indemnify his superior officer or the United States for any loss that may be sustained by reason of such failure of duty.

In this case the defendant Cole, who is described here as the cashier in the mint, appears to have been required to give a bond for the faithful performance of his duties, and he did give a bond under that statute. The condition of the bond was that he should perform, execute, and discharge all the duties of his position according to the laws of the United States and the regulations of the Treasury Department made in conformity therewith, and, in case he failed to perform such duties according to law and the regulations, he and his surety would be liable for any act, omission, or negligence that might result therefrom. I think, therefore, that that bond is good, under the statute, and that a recovery may be had on it, if the defendant Cole has failed to perform any duty intrusted to him, and a loss has been caused thereby; that, notwithstanding the general provisions relating to the primary responsibility of the superintendent, the assayer, the melter and refiner, and the coiner, duties may have been devolved on the defendant Cole, as an assistant or clerk, for which a legal bond might have been required. Manifestly, the superintendent cannot be considered as holding in his personal custody all of the coin or bullion of the mint; and the same may be said of the assayer, and the melter and refiner, and the coiner. The law therefore very properly provides for bonds from these subordinates, and I am of the opinion that a recovery can be had on the bond here in suit, and upon the facts stated in this complaint.

The suit decided yesterday (130 Fed. 614) was against Cole personally. There was a demurrer interposed to that complaint. The complaint charged an official responsibility on the part of Cole in describing him as an officer of the mint, but the court held that the allegation that he was an officer of the mint might be deemed as sur-

plusage, and it might be considered that he was charged with a personal responsibility. The demurrer was overruled, and an answer was filed, wherein the defendant alleged that he was not only not officially responsible, but that he was not personally responsible, for the reason that the money was placed in the custody of the superintendent, the chief clerk, and himself, and that the chief clerk, while acting as superintendent, took the money. The suit in that case was originally based upon the theory that it was an official custody that Cole had of the money, and that under that official responsibility he was an insurer of the safety of the money. The answer to that contention was that he was not an official custodian, and he was not an insurer, because, at most, it was only a personal responsibility that had been imposed upon him, and that a personal responsibility had not been incurred; that there had been no personal default, because the personal default had been on the part of another person who had been intrusted with the money; that is to say, there were three persons—the superintendent, the chief clerk, and the defendant himself— who had the keys to the vault where the money was deposited. That was a personal responsibility imposed upon himself and the chief clerk, and an official as well as a personal responsibility imposed upon the superintendent. The superintendent had personally intrusted the custody and safe-keeping of this money to these two persons under his employment, as assistants or clerks. The answer to the complaint in that case was that there was no personal responsibility upon the part of Cole, because it was alleged that Dimmick, the chief clerk and acting superintendent, took the money. In the opinion of the court, the facts alleged would be a defense to the action against Cole alone, and the demurrer to the answer was overruled. In the present case that defense is not available to the defendants in a demurrer to the complaint. Treating as surplusage the allegations of the complaint and the recitals in the bond that the defendant Cole was an officer of the mint, as may be done, a liability is charged in the complaint against the defendant Cole upon the conditions of the bond, and a recovery may be had on the obligations therein provided.

It may be that the defendants in this case will set up in their answer the same defense that was set up in the other case, and allege facts tending to show that there was no responsibility of any character on the part of Cole under this statute or upon the bond. I do not now say what will be the effect of such a defense in this case. That will be determined hereafter, when it is made. But for the present it is sufficient to say that this complaint is good, and states a cause of action without uncertainty or ambiguity. The demurrer is therefore overruled, with 30 days to answer.